FILED
2013 JAN 25 PM 12:26
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2012 Grand Jury

| UNITED STATES OF AMERICA, | ) | No. CR **CR 13 00056** |
|---|---|---|
| Plaintiff, | ) | **I N D I C T M E N T** |
| v. | ) | [18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(ii): Unauthorized Access of Protected Computers; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft] |
| KAREN KAZARYAN, aka "Gary Kazaryan," | ) | |
| Defendant. | ) | |

The Grand Jury charges:

COUNTS ONE THROUGH FIFTEEN

[18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(ii)]

A.  INTRODUCTORY ALLEGATIONS

1.  At all times relevant to this Indictment:

    a.  Defendant KAREN KAZARYAN, also known as Gary Kazaryan ("defendant KAZARYAN"), resided in Glendale, California, and was employed in Burbank, California.

    b.  Yahoo! Inc. ("Yahoo!") provided electronic mail ("e-mail") services to users all over the world.

    c.  Google, Inc. ("Google") provided e-mail services to users all over the world.

       d.    Facebook, Inc. ("Facebook") provided social networking services to users all over the world.

       e.    Microsoft, Inc. provided Skype Voice-Over-Internet Protocol services ("Skype") to users all over the world.

       f.    Between 2009 and 2011, defendant KAZARYAN gained unauthorized access to the e-mail accounts, Facebook accounts, and Skype accounts of more than 100 victims residing in California.

       g.    After defendant KAZARYAN gained unauthorized access to these accounts, he would change the passwords to the accounts, sometimes multiple times so that he had sole access to the accounts for periods of time.

       h.    After defendant KAZARYAN gained unauthorized access into these accounts, he would also obtain information belonging to the victims from the accounts, including pictures, communications, and information about other accounts.

       i.    Using the accounts to which he had obtained unauthorized access, defendant KAZARYAN would then, in the guise of the victims' online identities, contact friends or associates of the victims in order to fraudulently persuade, or extort, those individuals into removing their clothing so that defendant KAZARYAN could view, and take pictures of, their naked or semi-naked bodies via their webcams. Defendant KAZARYAN would also use naked or semi-naked images of victims to further extort those and other victims to remove their clothing so that defendant KAZARYAN could view, and take pictures of, their naked or semi-naked bodies.

II. <u>UNAUTHORIZED ACCESS</u>

2. On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant KAZARYAN knowingly and intentionally accessed without authorization and in excess of authorization, and thereby obtained information, from a protected computer, as that term is defined in Title 18, United States Code, Section 1030(e)(2)(B), namely, a server of the service provider described below, in furtherance of criminal and tortious acts, to wit, Extortion, Threatening Letters, False Personation, Identity Theft, and Contact by Electronic Communication with Intent to Annoy, in violation of California Penal Code Sections 518, 520, 523, 530, 530.5, and 653m, respectively, and the California State Torts of Intentional Infliction of Emotional Distress and Invasion of Privacy, as set forth below:

| COUNT | DATE | ACCOUNT HOLDER VICTIM | SERVICE PROVIDER |
|---|---|---|---|
| ONE | 01-28-2010 | M.O. | Yahoo! |
| TWO | 02-18-2010 | S.D. | Yahoo! |
| THREE | 05-15-2010 | H.K. | Yahoo! |
| FOUR | 08-15-2010 | C.P. | Facebook |
| FIVE | 09-25-2010 | A.P. | Skype |
| SIX | 10-15-2010 | T.M. | Skype |
| SEVEN | 10-16-2010 | T.M. | Skype |
| EIGHT | 11-20-2010 | A.M. | Facebook |
| NINE | 11-20-2010 | L.A. | Facebook |
| TEN | 11-20-2010 | L.A. | Skype |
| ELEVEN | 11-21-2010 | C.P. | Facebook |
| TWELVE | 11-27-2010 | A.P. | Skype |

| COUNT | DATE | ACCOUNT HOLDER VICTIM | SERVICE PROVIDER |
|---|---|---|---|
| THIRTEEN | 12-12-2010 | E.A. | Yahoo! |
| FOURTEEN | 12-18-2010 | E.A. | Facebook |
| FIFTEEN | 12-18-2010 | H.K. | Facebook |

COUNTS SIXTEEN THROUGH THIRTY

[18 U.S.C. § 1028A(a)(1)]

3. The Grand Jury re-alleges paragraphs one and two of this Indictment, including all subparagraphs, as if fully set forth herein.

4. On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant KAREN KAZARYAN, also known as Gary Kazaryan, knowingly and without lawful authority possessed and used means of identification of other persons, that is, the usernames of the below-described individuals, during and in relation to the acts of unauthorized access to a protected computer, as charged above in Counts One through Fifteen, and in violation of Title 18, United States Code, Sections 1030(a)(2)(C), (c)(2)(B)(ii):

| COUNT | DATE | VICTIM | RELATED COUNT |
| --- | --- | --- | --- |
| SIXTEEN | 01-28-2010 | M.O. | ONE |
| SEVENTEEN | 02-18-2010 | S.D. | TWO |
| EIGHTEEN | 05-15-2010 | H.K. | THREE |
| NINETEEN | 08-15-2010 | C.P. | FOUR |
| TWENTY | 09-25-2010 | A.P. | FIVE |
| TWENTY-ONE | 10-15-2010 | T.M. | SIX |
| TWENTY-TWO | 10-16-2010 | T.M. | SEVEN |
| TWENTY-THREE | 11-20-2010 | A.M. | EIGHT |
| TWENTY-FOUR | 11-20-2010 | L.A. | NINE |
| TWENTY-FIVE | 11-20-2010 | L.A. | TEN |
| TWENTY-SIX | 11-21-2010 | C.P. | ELEVEN |
| TWENTY-SEVEN | 11-27-2010 | A.P. | TWELVE |

| COUNT | DATE | VICTIM | RELATED COUNT |
|---|---|---|---|
| TWENTY-EIGHT | 12-12-2010 | E.A. | THIRTEEN |
| TWENTY-NINE | 12-18-2010 | E.A. | FOURTEEN |
| THIRTY | 12-18-2010 | H.K. | FIFTEEN |

A TRUE BILL

/S/
Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

*[signature]*

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

WESLEY L. HSU
Assistant United States Attorney
Chief, Cyber & Intellectual Property Crimes Section

ERIC D. VANDEVELDE
Assistant United States Attorney
Deputy Chief, Cyber & Intellectual Property Crimes Section

TRACY L. WILKISON
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section

6