ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
TRACY L. WILKISON (California Bar # 184948)
Assistant United States Attorney
Cyber and Intellectual Property Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0622
     Facsimile: (213) 894-0141
     email: tracy.wilkison@usdoj.gov
Attorneys for Plaintiff
United States of America

                    UNITED STATES DISTRICT COURT

              FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,        )    No. 13-
                                 )
               Plaintiff,        )    GOVERNMENT'S NOTICE OF
                                 )    REQUEST FOR DETENTION
          v.                     )
                                 )
KAREN KAZARYAN,                  )
     aka "Gary Kazaryan"         )
                                 )
               Defendant.        )
                                 )

_____

     Plaintiff, United States of America, by and through its

counsel of record, hereby requests detention of defendant and

gives notice of the following material factors:

_____   1.   Temporary 10-day Detention Requested (§ 3142(d))

              on the following grounds:

     _____   a.  offense committed while defendant was on

                  release pending (felony trial), (sentencing)

                  (appeal) or on (probation) (parole);

     _____   b.  alien not lawfully admitted for permanent

                  residence;

     _____   c.  flight risk;

1                   _____ d. danger to community.

2   __X__ 2. <u>Pretrial Detention Requested (§ 3142(e)) because</u>

3                <u>no condition or combination of conditions will</u>

4                <u>reasonably assure against</u>:

5            __X__ a. danger to any other person or the community;

6            __X__ b. flight.

7    _____ 3. <u>Detention Requested Pending Supervised</u>

8                <u>Release/Probation Revocation Hearing (Rules</u>

9                <u>32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a))</u>:

10            _____ a. Defendant cannot establish by clear and

11                   convincing evidence that he/she will not pose

12                   a danger to any other person or to the

13                   community;

14            _____ b. Defendant cannot establish by clear and

15                   convincing evidence that he/she will not flee.

16    _____ 4. <u>Presumptions Applicable to Pretrial Detention (18</u>

17                <u>U.S.C. § 3142(e))</u>:

18            _____ a. Title 21 or Maritime Drug Law Enforcement Act

19                   ("MDLEA") (46 U.S.C. App. 1901 et seq.)

20                   offense with 10-year or greater maximum

21                   penalty (presumption of danger to community

22                   and flight risk);

23            _____ b. offense under 18 U.S.C. § 924(c) (firearm

24                   used/carried/possessed during/in relation

25                   to/in furtherance of crime), § 956(a), or §

26                   2332b (presumption of danger to community and

27                   flight risk);

28

      \_\_\_\_ c.  offense involving a minor victim under 18
U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1),
2245, 2251, 2251A, 2252(a)(1)-(a)(3),
2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422,
2423 or 2425 (presumption of danger to
community and flight risk);

      \_\_\_\_ d.  defendant currently charged with (I) crime of
violence, (II) offense with maximum sentence
of life imprisonment or death, (III) Title 21
or MDLEA offense with 10-year or greater
maximum sentence, or (IV) any felony if
defendant previously convicted of two or more
offenses described in I, II, or III, or two or
more state or local offenses that would
qualify under I, II, or III if federal
jurisdiction were present, or a combination of
such offenses, AND defendant was previously
convicted of a crime listed in I, II, or III
committed while on release pending trial, AND
the current offense was committed within five
years of conviction or release from prison on
the above-described previous conviction
(presumption of danger to community).

  X  5.  <u>Government Is Entitled to Detention Hearing
Under § 3142(f) If the Case Involves</u>:

      \_\_\_\_ a.  a crime of violence (as defined in 18 U.S.C.
§ 3156(a)(4));

_____ b.  an offense for which maximum sentence is life imprisonment or death;

_____ c.  Title 21 or MDLEA offense with maximum sentence of ten years or more;

_____ d.  instant offense is felony and defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present;

__X__ e.  serious risk defendant will flee;

_____ f.  serious risk defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate witness or juror, or attempt to do so).

_____ 6.  Government requests continuance of _____ days for detention hearing based upon the following reason:

_____

_____

4

1      ____    7.    Good cause for continuance in excess of three

2                    days exists in that:

3      _____

4      _____

5  Dated: January 9, 2013              Respectfully submitted,

6                                      ANDRÉ BIROTTE JR.
                                       United States Attorney
7
                                       ROBERT E. DUGDALE
8                                      Assistant United States Attorney
                                       Chief, Criminal Division
9

10                                     _____
                                       TRACY L. WILKISON
11                                     Assistant United States Attorney
                                       Cyber and IP Crimes Section
12
                                       Attorneys for Plaintiff
13                                     UNITED STATES OF AMERICA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28