**ALEX R. KESSEL (State Bar No. 110715)**
15910 Ventura Blvd.
Suite 1030
Encino, California 91436
Telephone: (818) 995-1422
Facsimile: (818) 788-9408

Attorney for Defendant
**KAREN KAZARYAN**

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case Number.: 13-CR-00056-GHK** |
| **Plaintiff,** | |
| **vs.** | **DEFENDANT KAREN KAZARYAN'S SENTENCING MEMORANDUM; SUPPORTING EXHIBITS** |
| **KAREN KAZARYAN,** | |
| **Defendant,** | **DATE:   December 2, 2013** |
| | **TIME:    11:00 a.m.** |
| | **COURT: Courtroom of the Honorable George H. King, Chief United States District Judge** |

**TO THE HONORABLE GEORGE H. KING, CHIEF JUDGE OF THE UNITED STATES**

**DISTRICT COURT:**

Defendant KAREN KAZARYAN, by and through his attorney of record, Alex R. Kessel, hereby submits his sentencing position for the Court's consideration. Defendant requests a reasonable sentence which takes into consideration the applicable sentencing guidelines range, the mitigating circumstances in this case and the factors set forth in 18 U.S.C. § 3553(a).

//

//

//

//

//

//

1

**I.**

**INTRODUCTION**

On July 15, 2013, Karen Kazaryan pleaded guilty to counts 12 and 27 of the instant indictment. Count 12 alleges a violation of 18 U.S.C § 1030 (a)(2)(C), Unauthorized Access to a Protected Computer in furtherance of criminal and tortious acts. Count 27 alleges a violation of 18 U.S.C § 1028(A)(a)(1), possession and use of a means of identification, during the felony violation described in count 12.

Defendant pleaded guilty pursuant to a written plea agreement wherein the parties agreed to a base offense level of <u>6</u> pursuant to USSG § 2B1.1(a), and a 2-level increase for unauthorized access of a computer to obtain personal information pursuant to USSG § 2B1.1(b)(16). The parties reserved the right to argue that additional specific offense characteristics, adjustments and departures are appropriate. Further, the parties reserved the right to argue for a sentence outside the advisory guideline range pursuant to the factors set forth in 18 U.S.C § 3553(a). Finally, the Government agreed not to argue for a sentence of imprisonment exceeding 6 years.

**II.**

**OBJECTIONS TO PRESENTENCING REPORT:**

Defendant respectfully submits the following objections to the Presentence Report:

1) <u>Specific offense characteristic for number of victims:</u>

Pursuant to USSG § 2B1.1 (b)(2), the probation officer recommends a 6-level increase based on a calculation of victims exceeding 250. The probation officer justifies this adjustment based on defendant's purported access to more than 250 e-mail accounts, Facebook accounts, and Skype accounts without their authorization. However, defendant submits the offense conduct underlying the counts of conviction involve the unlawful use of a means of identification <u>in furtherance of criminal and/or tortious acts against the account holder.</u>

Further, count 27 involving a violation of 18 U.S.C § 1028(A)(a)(1), involves the <u>use</u> of a means of identification during the felony violation charged as 18 USC § 1030(a)(2)(C). Accordingly, defendant submits that a person whose computer was accessed, but whose

personal information was not used in furtherance of a criminal and/or tortious act, should not be deemed a victim within the meaning of USSG § 281.1 (b)(2).

In this matter, there are no more than nine actual victims whose computer accounts were accessed by the defendant and whose information derived therefrom was used in furtherance of the tortious act of invasion of privacy. The specific victims whose computers were illegally hacked by defendant and who suffered an invasion of privacy in a manner contemplated by § 1030 (a)(2)(C), are identified in paragraphs 35 through 60 of the Presentence Report (PSR).

Application Note 4(E)(ii) requires that the "means of identification" was <u>actually used</u> unlawfully or without authority in furtherance of the crime of conviction. Defendant's illegal access to computer accounts which constitute a "means of identification" was only used in furtherance of tortuous acts against victims C.P, H.K., A.P., A.A., M.M., A.M. #2, D.M., L.A., and M.D. Defendant further submits the majority of the compromised individual account holders were unaware their computer account passwords were referenced or accessed by the defendant. Finally, defendant was not able to find any Ninth Circuit authority specifically holding that accessed computer accounts (email, Facebook, Skype) constitutes "a means of identification," and more importantly whether the simple accessing of accounts, unbeknownst to the account holder, would allow that account holder to be deemed a victim for purposes of USSG§ 2B1.1 (b)(2). As noted in the Presentence Report, the victim classification was expanded for a credit card holder who experienced lost time from resolving credit problems although they suffered no financial losses. There, the majority of computer account holders suffered neither actual nor emotional loss, nor were inconvenienced. Therefore, defendant respectfully requests this Court find that the requirement for an upward adjustment based on the number of victims has not been factually and legally sustained in the instant case and deny the requested six-level adjustment.

**2)** <u>Sophisticated means adjustment:</u> Pursuant to USSG § 2B1.1 (b)(10)(C), the probation officer recommends a 2-level increase based on the offense involving sophisticated means. Defendant submits the gravamen of the crime to which he pleaded guilty 18 U.S.C §

3

1030(a)(2)(C), (c)(2)(B)(ii), involves the intentional accessing without authorization of a computer and the use of the computer information to further any criminal or tortious act. The probation officer cites Application Note 8(B) to § USSG 2B1.1 as a means to justify the sophisticated means adjustment. However, the suggested conduct referenced in the Application Note is substantially different than defendant's conduct in this case. In addition, the probation officer's primary justification for the adjustment is defendant's efforts to conceal his conduct which was belied by the Government's ability to obtain the complete picture of defendant's illegal hacking and criminal conduct after seizing his computer and forensically analyzing the hard drive. Further, the Government's acquisition of the defendant's Facebook, Skype and IP information allowed it to access and obtain computer information which provided the Government with insight into the usage of the computer by the defendant. Finally, defendant submits his illegal accessing and acquisition of personal computer account information, which is the basis for the probation officer's recommendation of a sophisticated means adjustment, is the same conduct for which defendant stipulated to a 2-level adjustment pursuant to USSG § 2B1.1 (b)(16)(a) (unauthorized computer access to obtain personal information). Defendant respectfully requests this Court to deny application of the "sophisticated means" adjustment.

**3)** Recommended Guidelines Calculation:

1. Base Offense Level pursuant to USSG § 2B1.1(b)(2)……………………..6

2. Stipulated Adjustment pursuant to USSG § 2B1.1 (b) (16) …………….. +2

3. Adjustment for acceptance of responsibility……………………….. …..-2

Total offense level: ………………………..………6

### III.

### CRIMINAL HISTORY CATEGORY

Defendant concurs with the PSR which places him in the criminal history category I, the defendant having no criminal history points. With respect to the other criminal conduct referenced in paragraph 104 of the PSR, defendant submits the referenced case was not dismissed based on the action

4

not being brought to court in time, but was based on the DA's dismissal after an assessment of the single victim's credibility and the production of evidence by the defense which totally impeached the victim's credibility about the event in question. Defense counsel was attorney of record for the defendant in that matter and is quite familiar with the events that transpired leading to the prosecution's dismissal of the case with prejudice.

**IV.**

**THIS HONORABLE COURT CANNOT PRESUME THE CALCULATED GUIDELINE RANGE TO BE REASONABLE**

With respect to the Court's consideration of a sentence within the strict guideline range, defendant would indicate United States Supreme Court precedent has confirmed that the guidelines now are truly advisory and there is no underlying presumption at the District Court level that a guideline sentence is inherently reasonable. (See *Rita v. United States (2007) 127 S. Ct. 2456, and Nelson v. United States (2009) 129 S. Ct. 890*).

**V.**

**APPLICABLE § 3553(a) FACTORS**

Defendant submits this Court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2)."

Prior to the United States Supreme Court's decisions in *United States v. Booker (2005) 543 U.S. 220,* and most recently in *Gall v. United States (2007) 128 S. Ct. 586*, the "history and characteristics of the defendant rarely had much impact at sentencing." In the ensuing years however, both the law and process has shifted back in the direction of making a defendant's personal history and characteristics an important part of the sentencing equation.

Pursuant to 18 U.S.C. § 3553(a), the court in determining the particular sentence to be imposed shall consider:

1) The nature and circumstances of the offense and history and characteristic of the defendant;

2) The need for the sentence imposed to achieve each of the enumerated purposes of sentencing: a) to reflect the seriousness of the offense, to promote the law and to provide just punishment for the offense; b) to afford adequate deterrents to criminal conduct; c) to protect the public

from further crimes of the defendant; d) to provide the defendant educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3) The kinds of sentences available;

4) The applicable statute, guideline range;

5) Policy statements;

6) The need to avoid sentence disparities among similarly situated defendants;

7) The need to provide restitution to any victims of the offense.

The Supreme Court gave the following sentencing instructions in *Gall:*

> "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point as an initial bench mark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party…" (*Gall v. United States*, s*upra, 522 U.S. at pages 49 - 50.*)

### A.  Relevant § 3553(a) Factors as to Defendant Karen Kazaryan:

1) Notwithstanding the seriousness of the instant conduct and the defendant's acceptance of the seriousness of his personal transgressions in this matter, defendant has accepted responsibility at an early stage of the proceedings. Defendant further submits that unlike other cases of illegal computer access, there was never contact with children in this matter nor were there attempts to circulate any comprising pictures into the general public domain. Further, there were never any acts of masturbation, attempts to engage in any sexual conduct, nor the defendant's indecent exposure of himself.

2) Defendant's guilty plea is both an acceptance and acknowledgment of responsibility.

3) Defendant's acceptance of responsibility has saved the government tremendous resources in preparing for and conducting a trial and most importantly, has spared the victims the stress, anxiety and obvious personal and emotional apprehension that comes from having to testify in open court about the events in question.

4) It bears repeating that the majority of illegal computer accesses did not involve contact with an actual person nor communication with another person.

5) Defendant was at a young age at the time of this event and obviously has the intellect to control any further inappropriate, impulsive actions which compromise the privacy rights of another. Defendant was more of a voyeur rather than a sexual predator wanting physical contact with the victims.

6) Defendant does not have any character traits or personality for a sexual predator and was seen by a defense forensic psychiatrist who confirms defendant's lack of a deep seeded sexual dysfunctional problem leading to the danger of further inappropriate conduct. (See report of Dr. Ronald Markman attached hereto as "Exhibit A")

7) Defendant's background includes graduating from high school and attending college to learn skills that in the future will provide him with an opportunity to excel in an appropriate career area.

8) Defendant has maintained employment and has always attempted to help his family out both financially and emotionally.

9) On April 16, 2013, defendant was released on bond in this case with the conditions of intensive pre-trial service supervision and full-time home detention. The home detention did not allow defendant to leave his home for any reason other than court appearances and attorney conferences. Defendant submits that for the last seven months he has abided by all court release conditions without any transgressions and has obviously suffered from his inability to further his education and obtain employment during his pre-trial release due to the full house arrest condition.

10) Defendant has strong family and community support, which can serve as the backbone for him to use as an incentive to never repeat any criminal conduct. (See character letters attached here to as "Exhibit B")

11) Defendant has suffered humiliation in his community from the news coverage at the time of his arrest and initial court appearances. After the initial appearance, news cameras chased defendant's father and brother down the street in front of the courthouse and later

7

1    aired the footage on the six o'clock news. The defendant's name and picture along with

2    him being labeled a sextortionist appeared in the print and T.V. media.

3    12) Defendant submits the Government had sought a 27-month sentence for a defendant who

4    stalked victims on the computer and posted naked pictures on the internet which were

5    downloaded by the general public. (See *United States v. Barrett, Case No.: CR 09-115-*

6    *(R)*)

7    Based upon the foregoing circumstances and the factors set forth in § 3553 (a), defendant

8    requests this Honorable Court to sentence defendant to 6 months for the violation alleged in count 12

9    with the additional consecutive sentence of 24 months required for count 27, for a total sentence of 30

10   months. Defendant submits this suggested sentence is reasonable and more importantly, is sufficient, but

11   not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C § 3553(a)2.

13   DATED: November 20, 2013                    Respectfully submitted,

14                                               s/Alex R. Kessel

15                                               ALEX R. KESSEL
                                                 Attorney for Defendant,
16                                               **KAREN KAZARYAN**